# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW HARGRAVE,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:13-cv-02021-JAD-CWH

**ORDER**

Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, petitioner agreed to plead guilty to one count of burglary. Petitioner was adjudicated to be a habitual criminal pursuant to Nev. Rev. Stat. § 207.010(1)(b), and he was sentenced to imprisonment for 25 years with parole eligibility starting after 10 years. The judgment of conviction was entered on March 26, 2010. Petitioner did not appeal, and the judgment became final on April 26, 2010. Petitioner filed a post-conviction habeas corpus petition in state district court on October 29, 2012. The state district court denied the petition, and petitioner appealed. On September 18, 2013, the Nevada Supreme Court determined that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Petitioner mailed his federal habeas corpus petition to this court on October 7, 2013.

On its face, the petition is untimely. The time that the state habeas corpus petition was pending is ineligible for tolling pursuant to § 2244(d)(2) because that petition was untimely. *Pace*, 544 U.S. at 417. Consequently, 1,260 non-tolled days passed between the finality of petitioner's judgment of conviction on April 26, 2010, and the mailing of the federal habeas corpus petition on

October 7, 2013.  This time well exceeds the one-year period of limitation of 28 U.S.C. § 2244(d). Petitioner will need to show cause why the court should not dismiss the action as untimely.

      Petitioner has submitted a motion for appointment of counsel (#2).  Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B).  "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  *Weygandt*, 718 F.2d at 954.  After reviewing the petition, the court concludes that appointment of counsel is not warranted.

      **IT IS THEREFORE ORDERED** that petitioner's motion for appointment of counsel (#2) is **DENIED**.

      **IT IS FURTHER ORDERED** that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      **IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

      **IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

      **IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order.  No response is required at this time.

      Dated: June 5, 2014.

                                                                                        JENNIFER A. DORSEY
                                                                                         United States District Judge