1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7                  **DISTRICT OF NEVADA**

8

9  MATTHEW HARGRAVE,

10         Petitioner,                            Case No. 2:13-cv-02021-JAD-CWH

11  vs.                                           **ORDER**

12  STATE OF NEVADA, et al.,

13         Respondents.

14

15         The court directed petitioner to show cause why this action should not be dismissed as

16  untimely.  Order (Doc. 5).  The court then dismissed the action because petitioner had not filed

17  anything in response to the court's order.  Order (Doc. 8).  Currently before the court are

18  petitioner's motion for relief from order and judgment (Doc. 10) and respondents' response (Doc.

19  11).

20         The court first needs to address petitioner's contention that he tried to file a showing of

21  cause in this action, but that the court returned it because of improper formatting.  When the court

22  returns a document, it enters a minute order to that effect, and the docket reflects that minute order.

23  No such docket entry exists in this action.  Attached to the motion (Doc. 10) is a minute order of the

24  court returning a letter, but that was in another of petitioner's actions, *Hargrave v. Williams*, Case

25  No. 2:13-cv-02228-GMN-PAL.  This was not an error in docketing, because petitioner placed that

26  case number on the documents, and the documents are in response to a motion to dismiss filed in

27  that action.  On the other hand, exhibit 1 to respondents' response (Doc. 11) contains a letter and a

28  motion to show cause, both from petitioner and with the case number of the instant action.  These

1    are the copies that petitioner served upon respondents.  The date on the certificate of service, the

2    postmark on the envelope, and the stamp of receipt by respondents all show that petitioner mailed

3    his motion to show cause to respondents within the time allotted by the court's order to show cause.

4    For reasons unknown to the court, it did not receive the motion to show cause.  For the purposes of

5    this order, the court assumes petitioner was not at fault.  The court will grant petitioner's motion for

6    relief and vacate the judgment.

7         However, having reviewed the motion to show cause, the court is not persuaded, and the

8    court again will dismiss the action as untimely.

9         First, petitioner argues that the Nevada Supreme Court erred in ruling that his state habeas

10   corpus petition is untimely, and thus ineligible for tolling under 28 U.S.C. § 2244(d)(2).  The

11   Nevada Supreme Court's decision is not subject to review by this court.  "When a postconviction

12   petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."

13   *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226

14   (2002)).  Furthermore, it makes no difference how the Nevada Supreme Court ruled on the

15   timeliness of the state habeas corpus petition.  Petitioner's judgment of conviction became final on

16   April 26, 2010.  The one-year period of limitation of 28 U.S.C. § 2244(d)(1) expired at the end of

17   April 26, 2011.  Petitioner filed his state habeas corpus petition on October 29, 2012, a year and a

18   half after the federal period of limitation had expired.  Even if his state habeas corpus petition was

19   timely under state law and thus eligible for tolling under § 2244(d)(2), there was no time left in the

20   federal period to be tolled.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

21        Second, petitioner also argues that the court should excuse a procedural default based upon

22   *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  Response at 7-9 (#9).  In *Martinez*, the Court held:

23        Where, under state law, claims of ineffective assistance of trial counsel must be raised in an
         initial-review collateral proceeding, a procedural default will not bar a federal habeas court
24        from hearing a substantial claim of ineffective assistance at trial if, in the initial-review
         collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
25

26   *Id.* at 1320 (emphasis added).  The distinction between procedural default and untimeliness is

27   important.  A claim is procedurally defaulted in federal court if the decision of the state court

28   regarding that claim rested on a state-law ground that is independent of the federal question and

1    adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).  In

2    petitioner's case, procedural default is not the issue.  The court has not determined that it cannot

3    reach the merits of petitioner's claims due to state-court applications of state law.  Rather, the court

4    has determined that the federal habeas corpus petition is untimely because of application of federal

5    law, 28 U.S.C. § 2244(d).  *Martinez* is inapplicable to petitioner's situation.

6         Third, petitioner argues that the state district court lacked jurisdiction to accept his guilty

7    plea agreement.  This is no excuse for the untimeliness of the petition.  The language of the statute

8    of limitation, 28 U.S.C. § 2244(d), contains no such exceptions for the question of jurisdiction, and

9    no court has determined that such exceptions exist.  *Cf. Barreto-Barreto v. United States*, 551 F.3d

10   95, 100 (1st Cir. 2008) (holding that no exception for jurisdictional challenges exists for equivalent

11   period of limitations of motion attacking a federal sentence pursuant to 28 U.S.C. § 2255).

12   Furthermore, petitioner was convicted of burglary and adjudicated as a habitual criminal.  Burglary

13   is a felony.  Nev. Rev. Stat. § 205.060.  The state district court has jurisdiction over felonies.  In

14   criminal cases, justice courts have jurisdiction over only misdemeanors.  Nev. Rev. Stat. § 4.370(3).

15   District courts have jurisdiction where justice courts do not have jurisdiction, including felonies.

16   Nev. Const. Art. 6, § 6.  Even if a challenge to a state court's jurisdiction is an exception to

17   § 2244(d), the state district court had jurisdiction over petitioner's criminal case.

18        Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the

19   court will not issue a certificate of appealability.

20        IT IS THEREFORE ORDERED that petitioner's motion for relief from order and judgment

21   (Doc. 10) is **GRANTED**.  The judgment entered on August 5, 2014, is **VACATED**.

22        IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.

23   The clerk of the court shall enter judgment accordingly.

24        IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

25        Dated: October 8, 2014.

26

27   _____

28   JENNIFER A. DORSEY
     United States District Judge

-3-